UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL BRUNE, | No. 2:15-cv-01644-TLN |
| Appellant, | |
| v. | **ORDER** |
| BLANE LELAND PARROT, ET AL., | |
| Appellees. | |

    This matter is before the Court pursuant to this Court's Order to Show Cause ("OSC") (ECF No. 7), Appellant Karl Brune's ("Appellant") Motion for Electronic Filing Privileges (ECF No. 8), and Appellant's late filing of his Brief (ECF No. 11). On November 12, 2015, the Court issued a Briefing Schedule for the Bankruptcy Appeal (ECF No. 6 -1), which ordered Appellant's opening brief to be filed within fourteen (14) days. The time for compliance came and passed, and Appellant failed to file an opening brief. On October 15, 2015, this Court imposed sanctions of $100. (ECF No. 5.) Appellant failed to pay the sanction and the Court filed a subsequent OSC on December 18, 2015, allowing fourteen (14) days for a response. (ECF No. 7.) In response, Appellant filed a motion for electronic filing as well as his brief on January 6, 2016. (ECF Nos. 10 and 11.)

    Although the briefing is untimely, this Court is willing to grant Appellant an extension, deem the briefing timely, and discharge the pending OSC. However, to do so, the Court would

require that Appellant pay the $100 sanction previously ordered by this Court. (*See* ECF No. 5.) As to Appellant's request for permission to file electronically in this action, the Local Rules provide that "[a]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception. Points and authorities are not required, and no argument or hearing will normally be held." E.D. Cal. L.R. 133(b)(3).

Although Appellant's request for leave to file electronically does not indicate whether a stipulation could be had, Appellant does state that he is having difficulty traveling and alleges that he has mailed his brief to the Clerk of Court previously, but for some reason the clerk did not receive it. (ECF No. 8.) Should Appellant adhere to the Court's previous order (ECF No. 5) and pay the $100 sanctions, the Court is inclined to permit Appellant to utilize the Court's electronic filing and case management system ("CM/ECF"). However, Appellant is admonished that all of his filings must comply with the Federal Rules of Civil Procedure and this Court's Local Rules, and that any abuse of the CM/ECF system will result in a revocation of Appellant's right to file electronically.

As such, the Court orders as follows: Appellant is **ordered to pay the $100 sanctions** ordered against him (ECF No. 5) and **file an affidavit** stating that he has complied with this Order **within fourteen (14) days of the entry of this order**. Upon receipt of the payment and affidavit, the Court will deem Appellant's brief as timely and order the Clerk of Court to contact Appellant to facilitate his participation in the CM/ECF system.

IT IS SO ORDERED.

Dated: January 13, 2016

Troy L. Nunley
United States District Judge