UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KARL BRUNE,

    Appellant,

v.

BLANE LELAND PARROTT and
JENETTE LAVAUN PARROTT,

    Appellees.

No. 2:15-cv-01644-TLN

**ORDER**

This is a bankruptcy appeal. Appellant Karl Brune ("Brune") was a creditor of Appellees Blane Leland Parrott ("Blane") and Jenette Lavaun Parrott ("Jenette") (collectively "the Parrotts"). Brune filed an adversary action in the bankruptcy court, claiming the Parrotts' debt to him was not dischargeable in bankruptcy. He was unsuccessful before the bankruptcy court and he now appeals. For the reasons below, the judgment of the bankruptcy court is AFFIRMED.

**I.    BACKGROUND**

The issue started with a joint bank account. (Appellees' App., ECF No. 15-1 at 4.)[1] Brune is a contractor whom the Parrotts hired to work on their home in Paradise, California.

---

[1] The record is not independently docketed in this case. (Briefing Schedule, ECF No. 6-1 at 2.) It was certified on November 5, 2015, and the parties were ordered to submit the relevant portions as appendices to their briefs. (Certificate of R., ECF No. 6.) The Parrotts filed an appendix to their brief containing excerpts from the record including the pleadings below, several orders by the bankruptcy court, and the trial transcript. (ECF No. 15-1.) The following background is taken from the record excerpts reproduced in the Parrotts' appendix.

(ECF No. 15-1 at 4.)  According to Brune, the Parrotts obtained a construction loan for the work using Brune's state-issued contractor's license.  (ECF No. 15-1 at 4.)  Brune and the Parrotts opened a joint checking account together and directed nearly $300,000 of the loan funds to be deposited into the joint account incrementally.  (ECF No. 15-1 at 4.)  However, the Parrotts eventually withdrew or transferred roughly $250,000 from the joint account into their personal account.  (ECF No. 15-1 at 4.)  Brune completed the initial work for which the Parrotts hired him, and they asked him to stay on to update older portions of their home.  (ECF No. 15-1 at 5.)  According to Brune, he was underpaid for the first phase of work and not paid for the second.  (ECF No. 15-1 at 5.)  In the end, Brune claims, the Parrotts owed him $100,960.  (ECF No. 15-1 at 5.)  Brune claims the Parrotts enticed him into helping them obtain the construction loan by opening a joint account with Brune and guaranteeing he would be paid.  (ECF No. 15-1 at 6.)  Brune contends that the Parrotts' pattern of immediately transferring joint loan funds into their personal account shows that they never intended to pay him.  (ECF No. 15-1 at 6.)

The Brune–Parrott relationship soured further when the Parrotts complained about Brune to the Contractors State License Board ("CSLB").  (ECF No. 15-1 at 7.)  Those complaints ultimately led to Brune's contractor's license being suspended.  (ECF No. 15-1 at 7.)  Brune contends the Parrotts' complaints were false.  (ECF No. 15-1 at 7.)  The parties evidently arbitrated their dispute before the CSLB.  (*See* ECF No. 15-1 at 61.)

The Parrotts filed for chapter 7 bankruptcy on May 7, 2014.  (*See* ECF No. 15-1 at 45.)  Shortly thereafter, Brune filed an adversary action *in propria persona*, contending the Parrotts' debt to him was not dischargeable in bankruptcy.  (ECF No. 15-1 at 45.)  Brune filed an amended complaint on September 29, 2014, asserting two causes of action.  (ECF No. 15-1 at 3, 45.)  First, Brune alleged the Parrotts' debt was not dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), and (6) because it was the product of "Intentional Fraud, Defalcation, Embezzlement, Larceny and Misrepresentation."  (ECF No. 15-1 at 4–7.)  Second, Brune alleged the Parrott's debt was not dischargeable pursuant to 11 U.S.C. § 727, although he did not specify which subdivision of § 727 he was invoking.  (ECF No. 15-1 at 8–11.)

The Parrots filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure. (*See* ECF No. 15-1 at 44.) They argued the portion of Brune's first claim arising under § 523(a)(6) lacked supporting factual allegations. (*See* ECF No. 15-1 at 44.) They also argued Brune's second claim failed to state a claim because Brune did not specify which subsection of § 727 he was invoking. (*See* ECF No. 15-1 at 44–46.) The bankruptcy court denied the Parrotts' motion with respect to Brune's § 523(a)(6) claim but granted it with respect to his § 727 claim. (ECF No. 15-1 at 46–47.)

The case went to trial. (*See* ECF No. 15-1 at 57.) Brune gave an opening statement that was largely a recitation of the allegations in his complaint. (ECF No. 15-1 at 64.) The bankruptcy judge advised Brune the court was familiar with the complaint and that the allegations in the complaint were not actually proof. (ECF No. 15-1 at 65.) After a short back-and-forth with the bankruptcy judge, Brune called Blane as a witness. (ECF No. 15-1 at 66.) Brune questioned Blane about their dealings, including the construction loan, the deposits and withdrawals to and from the joint bank account, and the status of the work Brune performed for the Parrotts. (ECF No. 15-1 at 70–81.) The Parrotts' attorney did not cross-examine Blane. (ECF No. 15-1 at 82.) Brune then rested his case. (ECF No. 15-1 at 82.) He never called himself as a witness. (*See* ECF No. 15-1 at 82.) The Parrotts moved for judgment pursuant to Rule 52(c) of the Federal Rules of Civil Procedure because Brune made "no showing of any fraud" or any other basis for non-discharge under § 523. (ECF No. 15-1 at 82.) The bankruptcy judge agreed, and granted the Parrotts' motion:

> THE COURT: I'm afraid I'm going to have to agree with [the Parrotts], Mr. Brune. I don't know what in the world you were trying to prove here, but you didn't prove anything.
>
> . . . .
>
> Perhaps you should have consulted an attorney before you came in on this matter, but even though you are not represented by an attorney and you have chosen to appear in what we call pro se or pro per, you are still required to show me, as the judge, the basis for your complaint.
>
> And there are ways of presenting evidence that, you know, should be able to show that, but you haven't done it. You haven't shown me a thing that shows there was improper conduct on the part of Mr. Parrott or anything that he did that would require me to rule in your favor.

3

> . . . .
>
> I can't award you a judgment where you haven't shown me anything or that you are entitled to it.
>
> As I said, you probably should have gotten an attorney to represent you in this and present to me the evidence, and that would have to be admissible evidence that would prove your case. Not done. So, consequently, the judgment is for the Parrotts and against you.

(ECF No. 15-1 at 83–86.) Brune now appeals that judgment.

## II. STANDARD OF REVIEW

The Court reviews the bankruptcy court's factual findings for clear error, *In re Southern Cal. Plastics, Inc.,* 165 F.3d 1243, 1245 (9th Cir. 1999), its conclusions of law de novo, *id.*, and its evidentiary rulings for an abuse of discretion, *In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008). "To reverse on the basis of an erroneous evidentiary ruling, [the Court] must conclude not only that the bankruptcy court abused its discretion, but also that the error was prejudicial." *Slatkin*, 525 F.3d at 811. The Court reviews the bankruptcy judge's failure to *sua sponte* recuse himself, when the issue was not raised below, for plain error. *United States v. Holland*, 519 F.3d 909, 911–12 (9th Cir. 2008).

## III. DISCUSSION

This case illustrates the risks of self-representation. The legal system can be complex and difficult to navigate, especially for the uninitiated. Even so, the Court cannot "inject itself into the adversary process on behalf of" litigants who elect to represent themselves. *Jacobsen v. Filler*, 790 F.2d 1362, 1365 (9th Cir. 1986). Brune's briefing on appeal reveals understandable frustration with the outcome of the proceeding below. But Brune had his day in court, and he did not introduce evidence that was essential to his claim. His contentions on appeal do not change that fact. Before turning to Brune's specific arguments, the Court must address a related shortcoming in this appeal.

Brune has largely ignored the Federal Rules of Bankruptcy Procedure applicable to bankruptcy appeals—primarily Rule 8014(a). Rule 8014(a) specifies what a bankruptcy appellant's brief "must contain." Fed. R. Bankr. P. 8014(a). Among its enumerated requirements, Rule 8014(a) mandates that an appellant's brief must include "the [appellant's]

4

argument, which must contain the appellant's contentions and the reasons for them, *with citations to the authorities and parts of the record on which the appellant relies.*" Fed. R. Bankr. P. 8014(a)(8) (emphasis added). Although Brune's self-styled "informal brief" advances his contentions, it contains few citations to authority and is entirely devoid of citations to the record. (*See generally* ECF No. 11.)

Brune's non-compliance with Rule 8014(a) places the Court in something of a bind. On one hand, Brune is a self-represented litigant whose pleadings are construed with "great leeway." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court "would not ordinarily be inclined to dismiss [Brune's] appeal on what would appear to be the technical ground that it fails to conform to the rules for presenting briefs on appeal." *In re Gulph Woods Corp.*, 189 B.R. 320, 323 (E.D. Pa. 1995). On the other hand, Rule 8014(a) is "not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal." *Id.* Where possible, the Court will address Brune's arguments on their merits. However, some of Brune's arguments evince no more than frustration with the outcome of his case, identifying no apparent error for the Court to review. With that in mind, the Court turns to Brune's arguments.

### A. Evidence: CSLB Arbitration

Brune argues the bankruptcy court wrongly received into evidence information about the CSLB arbitration he and the Parrotts underwent. (ECF No. 11 at 6.) But Brune did not object to the evidence at trial. "By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal." *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir. 1996). In fact, Brune not only failed to object to the arbitration evidence, he consented to the bankruptcy court taking judicial notice of it:

> THE COURT: Okay.
>
> . . . I don't really have a problem [taking judicial notice of] Exhibit B, now that you mention it. It seems to be an appropriate arbitration award.
>
> Do you have a problem with that, Mr. Brune?
>
> MR. BRUNE: I don't believe so. No sir.

5

| | THE COURT: Very good. The Court will take judicial notice of those documents. |
|---|---|

(ECF No. 15-1 at 63.) Consequently, Brune waived his right to raise the issue on appeal. *Marbled Murrelet*, 83 F.3d at 1066. And even if the issue was not waived, Brune articulates no reason why the bankruptcy court abused its discretion by taking judicial notice of the CSLB arbitration evidence. (ECF No. 11 at 6.) Nor does he explain why that abuse of discretion (if any) was prejudicial. (ECF No. 11 at 6.)

### B. Evidence: Brune's Evidence Deemed Inadmissible

Brune argues he was "prevented from submitting and presenting evidence to the court," despite the fact that the evidence was "already a part of the case." [2] (ECF No. 11 at 6.) Specifically, Brune contends that he was prevented from submitting forged letters written by the Parrotts, forged bank statements, "[i]ndependent evidence of embezzlement" by the Parrotts, and "[i]ndependent evidence" that Brune's contract with the Parrotts was completed. (ECF No. 11 at 6.) Brune provides no citations to the record—entirely disregarding Rule 8014(a)(8)—indicating that the bankruptcy court actually prevented him from submitting his evidence. (ECF No. 11 at 6.) The Court's review of the trial transcript reveals nothing of the sort. In any event, the essence of Brune's argument is that the bankruptcy court made erroneous evidentiary rulings, yet Brune articulates no reason why those supposed ruling were abuses of discretion or were prejudicial.

### C. Evidence: Inability to Call Witnesses

Brune argues he was not allowed to call witnesses in support of his case and was not able to question Jenette because she was absent from trial despite being ordered to appear. (ECF No. 11 at 6.) Again, Brune provides no citations to the record—again disregarding Rule 8014(a)(8)—suggesting that he attempted to call any witnesses beyond Blane. (ECF No. 11 at 6.) The Court's

---

[2] Brune appears to believe—mistakenly—that he proved his case prior to trial because he overcame the Parrotts' Rule 12(b)(6) motion to dismiss for failure to state a § 523(a)(6) claim. The Court takes this opportunity to clear up that misconception. "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In other words, a court ruling on a Rule 12(b)(6) motion asks itself: assuming everything the plaintiff has said is true, can the court "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court ruling on a Rule 12(b)(6) motion ordinarily does not consider evidence. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Thus, when the bankruptcy court denied the Parrotts' Rule 12(b)(6) motion, it did so because Brune had *alleged* enough facts to support his claim—not because he had yet proven anything. He had not. Trial was his opportunity to do so.

review of the trial transcript reveals no such attempts. On the contrary, the trial transcript reveals that Brune had an opportunity to present further evidence, but forwent the chance and closed his case anyway. (ECF No. 15-1 at 82.) Brune has not articulated why he thinks the bankruptcy court erred, and the Court cannot divine a legal argument from his frustration.

### D. Recusal

Finally, Brune argues the bankruptcy judge was prejudiced against him. (ECF No. 11 at 7.) The Court construes this as an argument that the bankruptcy judge should have recused himself from the case. Brune did not bring a recusal motion below. He may still raise the issue on appeal, but he will not prevail unless he shows it was plain error for the bankruptcy judge not to *sua sponte* recuse himself. *Holland*, 519 F.3d at 911.

Section 455 of Title 28 of the United States Code governs the *sua sponte* recusal of bankruptcy judges. *In re Goodwin,* 194 B.R. 214, 221 (9th Cir. BAP 1996). Section 455 has two relevant subsections: (a) and (b). "Section 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias." *Herrington v. Sonoma Cty*, 834 F.2d 1488, 1502 (9th Cir. 1987). "Section 455(b) covers situations in which an *actual* conflict of interest exists, even if there is no appearance of one." *Id.* "The standard for judging the appearance of partiality requiring recusal under . . . § 455 is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (quoting *United States v. Nelson,* 718 F.2d 315, 321 (9th Cir.1983)).

Brune argues the bankruptcy judge was prejudiced against him for bringing the case *in propria persona*. (ECF No. 11 at 7.) Brune also insinuates the bankruptcy judge is biased against all self-represented litigants. (ECF No. 11 at 7.) Brune is apparently displeased that the bankruptcy judge observed—not without justification—that Brune may have obtained a better outcome if he had hired an attorney. (ECF No. 15-1 at 86.) But Brune's outright speculation about the bankruptcy judge's likes and dislikes writ large cannot substantiate a claim of bias. *Yagman v. Republic Ins.*, 987 F.2d 622, 626–27 (9th Cir. 1993). In short, Brune has not shown that the bankruptcy judge committed plain error by not recusing himself.

### IV. CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.

Dated: June 12, 2017

Troy L. Nunley
United States District Judge